IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


JOHNNY J. JONES,                          :

    Plaintiff,                        :

vs.                                       :

                                 CIVIL ACTION 06-0630-M

MICHAEL J. ASTRUE,[1]                     :
Acting Commissioner of
Social Security,                          :

    Defendant.                        :


MEMORANDUM OPINION AND ORDER


In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (Docs. 1, 11).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 16).

Defendant has filed a Motion and Memorandum for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to the Defendant (Doc. 14).  Defendant has stated that Plaintiff's attorney has no objection to the motion (Doc. 14, p.

---

[1]Effective February 1, 2007, Michael J. Astrue was confirmed by the Senate to serve as the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

2).

Defendant states that

> [o]n remand by the Court, the Appeals Council
> will remand this case to an Administrative
> Law Judge (ALJ), who will be directed to
> recontact Dr. Scantlebury, Plaintiff's
> treating physician, and request a properly
> completed residual functional capacity
> assessment, and fully and accurately address
> Dr. Scantlebury's opinions regarding
> Plaintiff's residual functional capacity and
> the functional limitations imposed by his
> impairments.
>     In addition, Defendant notes that
> Plaintiff was awarded benefits on subsequent
> applications filed on December 14, 2005, with
> an amended onset of disability date of
> December 20, 2005.  The favorable decision
> entered January 26, 2007, will be affirmed,
> and the remand in the case before the Court
> will address only the time period prior to
> December 20, 2005.

(Doc. 14, pp. 1-2).  This is a tacit admission that Plaintiff's

application was not appropriately considered and that this action

should be reversed.  Without reviewing the substantive evidence

of record, this Court accepts Defendant's acknowledgment of

error.

It appears to the Court that the decision of the Secretary

should be reversed and remanded.  Such remand comes under

sentence four of 42 U.S.C. § 405(g).  *See Melkonyan v. Sullivan*,

501 U.S. 89 (1991).  For further procedures not inconsistent with

this report, see *Shalala v. Schaefer*, 509 U.S. 292 (1993).

Therefore, it is **ORDERED**, without objection from Plaintiff,

that Defendant's Motion to Remand under sentence four be **GRANTED**

(Doc. 15) and that this action be **REVERSED** and **REMANDED** to the

Social Security Administration for further administrative

proceedings not inconsistent with the orders of this Court.

Judgment will be entered by separate order.

DONE this 1st day of June, 2007.


                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE